UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 1:19-cv-24262-HUCK/MCALILEY

SABRINA SCOTT-WOLF and
SELENA STEVENS, ETC.,

    Plaintiffs,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## **MOTION TO DISMISS**

    Defendant, Carnival Corporation ("Carnival"), moves to dismiss for Plaintiffs' failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### **Factual Background**

    Plaintiffs were female passengers onboard the *Carnival Ecstasy*. The bases of their allegations arise from an episode in which Carnival's security team attempted to search the intoxicated Plaintiffs' cabin for prohibited items. Carnival eventually required Plaintiffs to disembark in the Bahamas for violating ship rules, being disruptive to other passengers, and interfering with safety. Bahamian police escorted Plaintiffs from the ship, and Carnival paid for their airfare from the Bahamas. Plaintiffs allege negligent security, assault and battery, negligent hiring and training, negligent and intentional infliction of emotional distress, and false imprisonment.

## Standard of Law

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for failure to state a claim before a responsive pleading. Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, i.e., when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009); *see also Doe v. Celebrity Cruises, Inc.*, 389 F.Supp.3d 1109, 1114 (S.D. Fla. 2019) (dismissing claim for punitive damages for alleged negligence of cruise line under Rule 12(b)(6)).

## General Maritime Principles for Punitive Damages

Under general maritime law, which applies here, punitive damages are unavailable for claims of negligence. However, Plaintiffs claim entitlement to punitive damages for each of its negligence claims. Accordingly, this Court should dismiss Plaintiffs' claims.

The United States Supreme Court's recent decision in *The Dutra Group v. Batterton* is instructive. *See* 139 S.Ct. 2275 (2019). There, the Court held that a seaman may not recover punitive damages on a claim that he was injured as a result of the unseaworthy condition of the vessel. *Id.* at 2287. It would be counterintuitive for the courts to allow passengers to recover punitive damages but bar seamen, who are afforded heightened protection under the laws, from same. This Court should dismiss Plaintiffs' punitive damages claims pursuant to *Batterton*.

However, if the Court allows Plaintiffs to pursue their punitive damages claims, Plaintiffs have not properly pled them. Under general maritime law, the Eleventh Circuit has limited ship passengers' recovery options to only pecuniary damages "except in exceptional circumstances such as . . . those very rare situations of intentional wrongdoing." *See In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala., on Sept. 22, 1993*, 121 F.3d 1421, 1429 (11th Cir. 1997)

(hereinafter "*Amtrak*"). *Amtrak* involved a train that derailed and collided with a vessel, which caused passenger deaths over state territorial waters. The district court held Alabama's wrongful death law could supplement the damages allowed under maritime law, and thus punitive damages were available. The Eleventh Circuit reversed, finding Alabama's wrongful death statute, which allowed punitive damages upon a finding of gross negligence, conflicted with general maritime law, which requires a finding of intentional misconduct.

*Amtrak* remains the standard for ship passenger claims. Seamen, however, are held to a different standard from passengers because they are employees. They are entitled to maintenance and cure, which is an ancient doctrine designed to compensate crewmembers after suffering illness or injuries while servicing the vessel. When an employer-shipowner arbitrarily or willfully denies a seamen maintenance and cure, punitive damages are available, as established by *Atlantic Sounding v. Townsend*, 557 U.S. 404, 414–15 (2009). Two separate standards thus emerge: (1) seamen are entitled to punitive damages upon a showing of either gross negligence or intentional misconduct in paying maintenance and cure, and (2) passengers are entitled to punitive damages only upon a showing of intentional misconduct.

The standards for crewmember and passenger claims are independent doctrines. Despite what some anomalous cases in this district claim, *Atlantic Sounding* did not abrogate *Amtrak*. *See Doe v. Royal Caribbean Cruises, Ltd.*, 2012 WL 920675 (S.D. Fla. 2012); *Lobegeiger v. Celebrity Cruises, Inc.*, 2011 WL 3703329 (S.D. Fla. 2011). *Atlantic Sounding* held only that a vessel owner may be liable for punitive damages if it recklessly, wantonly, willfully, or intentionally fails to pay maintenance and cure. *See Incardone v. Royal Caribbean Cruises, Ltd.*, 16-cv-20924 (S.D. Fla. Jan. 18, 2020) (order granting summary judgment in part and denying in part) ("[D]espite Plaintiffs' arguments to the contrary, the Circuit has made clear that the Supreme Court's holding

in [*Atlantic Sounding*] did nothing to undermine its own holding in [*Amtrak*] . . ..");  *Doe v. Celebrity Cruises, Inc.*, 389 F.Supp.3d 1109, 1114 (S.D. Fla. 2019) ("[T]he holding in *Atlantic Sounding* did not overrule the holding in *Amtrak*."); *Kennedy v. Carnival Corp.*, 385 F.Supp.3d 1302, 1328–29 (S.D. Fla. 2019) ("Plaintiff wrongly argues that the 'intentional wrongdoing' rule from *Amtrak* was abrogated by the Supreme Court in *Atlantic Sounding*. . . . [I]n *Atlantic Sounding*, the Supreme Court only addressed whether punitive damages were available as a remedy for breach of the maritime duty of maintenance and cure.").

In the years since *Lobegeiger* and *Doe*, the Eleventh Circuit has had plenty of opportunities to expand *Atlantic Sounding*'s standard to cruise line passenger claims, but it has declined to do so. *See, e.g., Eslinger v. Celebrity Cruises, Inc.*, 772 F. App'x 872, 873 (11th Cir. 2019); *Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x 246, 251–52 (11th Cir. 2018); *see also Kennedy*, 385 F.Supp.3d at 1329; *Noon v. Carnival Corp.*, 2019 WL 3886517, at *13 (S.D. Fla. 2019); *Crusan v. Carnival Corp.*, 2015 WL 13743473, at *7 (S.D. Fla. 2015); *Bonnell v. Carnival Corp.*, 2014 WL 12580433, at *3 (S.D. Fla. 2014); *Terry v. Carnival Corp.*, 3 F.Supp.3d 1363, 1371–72 (S.D. Fla. 2014) (each case holding that cruise passenger plaintiffs must prove intentional misconduct to recover punitive damages).

As such, allegations of either intentional misconduct—on the part of Carnival, not crewmembers—or facts indicating Carnival knew of and authorized an intentional tort are required for punitive damages in passenger maritime claims. *See Stires v. Carnival Corp.*, 243 F.Supp.2d 1313, 1323 (M.D. Fla. 2002), *and Doe v. Celebrity Cruises*, 145 F.Supp.2d 1337, 1347 (S.D. Fla. 2001) (citing *Muratore v. M/S Scotia Prince, Etc.*, 845 F.2d 347, 354 (1st Cir.1988)) (Under general maritime law, the "principal [cannot] be held liable for punitive damages where it neither authorized nor ratified employee's acts."). Intentional misconduct requires Plaintiffs to show that

(1) Carnival had knowledge of the wrongfulness of the alleged conduct and (2) Carnival had knowledge that there was a high probability that injury or damage would arise from the alleged conduct and (3) Carnival intentionally pursued that alleged conduct despite the alleged prior knowledge. *See Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1220 (11th Cir. 2010).

The intentional misconduct standard in *Amtrak* remains binding on this Court because of the prior panel precedent rule. Under the rule, courts in the Southern District of Florida and panels of the Eleventh Circuit are bound to follow prior binding precedent until it is overruled or abrogated by the Eleventh Circuit sitting *en banc* or by the Supreme Court. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). To overrule a case, a decision "must have actually overruled or conflicted with" Eleventh Circuit or Supreme Court precedent. *Id.* at 1237 (citations omitted). There is a difference between the holding and the reasoning: "Even if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that does not provide the appellate court [or a district court] with a basis for departing from [the] prior decision." *Id.*

*Amtrak* has not been abrogated or overruled, as recently confirmed by an on-point decision from the Eleventh Circuit. *See Eslinger*, 772 F. App'x at 872 ("Our court has held that Plaintiffs may not recover punitive damages . . . for personal injury claims under federal maritime law.") (citing *Amtrak*); *see also Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x at 252 ("Nothing in [*Atlantic Sounding*] undermines our holding in *In re Amtrak*.").

The Court is therefore required to apply the intentional misconduct standard to Plaintiffs' claims for punitive damages.

## Analysis

In their complaint, Plaintiffs allege three claims based on negligence and three claims based on intentional torts. Because of the different standards for damages, the claims for negligent and intentional acts will be analyzed separately.

*Negligence Claims*

In Count I, Plaintiffs allege negligent security because Carnival fails "to have proper procedures for confronting passengers suspected of or accused of violating ship's rules, causing harm to Defendant or interfering with the safety/enjoyment of other passengers." Compl. ¶ 44. Plaintiffs claim they were injured because of security personnel actions. For their alleged injuries, Plaintiffs demand a litany of damages, including pain and suffering, loss of enjoyment, and more.

In Count III, Plaintiffs allege negligent hiring and training. They claim Carnival failed to hire and train personnel to properly (a) "identify passengers, monitor passengers' conduct and notify passengers of any violation of ship's rules or interference with the safety/enjoyment of others"; (b) "ensure the reasonable safety of passengers"; and (c) "take reasonable action to promptly notify passengers that their conduct was in violation of ship's rules or that they were interfering with the enjoyment/safety of other cruise passengers." Compl. ¶ 60. Plaintiffs demand punitive damages for the alleged negligent hiring and training.

In Count V, Plaintiffs allege negligent infliction of emotion distress. They claim punitive damages for Carnival ejecting Plaintiffs from the vessel, refusing to allow Plaintiffs to change cabin rooms, and for the actions of security personnel in attempting to restrain the intoxicated Plaintiffs while the search was ongoing. Compl. ¶ 73. Again, Plaintiffs demand punitive damages for alleged negligence.

Plaintiffs' claims for punitive damages should be dismissed. Punitive damages are unavailable under general maritime law for negligence claims. Counts I, III, and V each allege negligence, and general maritime law applies here. Accordingly, Counts I, III, and V state claims for damages upon which relief cannot be granted as a matter of binding law, and those claims should be dismissed.

*Intentional Torts*

In Count II, Plaintiffs allege assault and battery. This claim sounds only in vicarious liability: "Defendant, by and through its safety officers, assaulted and battered the Plaintiffs in the course of storming their passenger cabin." Compl. ¶ 51. As an employer, Carnival may be vicariously liable for the intentional torts of its crewmembers. But punitive damages are available only if Carnival authorized or ratified the alleged intentional tort. *See Doe*, 145 F.Supp.2d at 1347 (finding cruise line could be vicariously liable for sexual assault of crewmember but striking punitive damages claims because there were no facts that showed the cruise line authorized or ratified the act). There are no facts alleging Carnival authorized or ratified an alleged assault or battery. In fact, Plaintiffs provided an apology from Carnival for the incident, *see* Compl., Ex. 1, which shows that Carnival did not ratify or condone any intentional tort of its security personnel. Accordingly, the claims for punitive damages from the alleged assault and battery fail as a matter of law.

In Count IV, Plaintiffs allege intentional infliction of emotional distress ("IIED"). Their basis is that Carnival apologized for the search but failed to explain why Plaintiffs broke ship rules, which purportedly caused Plaintiffs to feel "confused and fearful." Compl. ¶ 66. Plaintiffs also claim that Carnival had an "exceptionally cruel and callous plot" evidenced by Carnival calling the Bahamian police to escort Plaintiffs from the vessel for violating ship rules and endangering

other guests. Compl. ¶ 67. Neither claim—(1) that Carnival did not explain why Plaintiffs broke ship rules and (2) calling Bahamian police for an escort—can rise to the outrageousness required for a finding of IIED, even when viewed in a light most favorable to Plaintiffs. Accordingly, Count IV should be dismissed in its entirety. Alternatively, the punitive damages claim should be dismissed because calling the police and not explaining how someone broke ship rules, which all passengers are informed of and agree to prior to embarkation, cannot be intentional misconduct.

In Count VI, Plaintiffs allege false imprisonment. Plaintiffs claim that Carnival confining Plaintiffs to their room during the security search was unlawful. However, Plaintiffs agreed to the search in their ticket contract. *See* Exhibit A, attached hereto, subsection 4(f) ("All Guests agree Carnival has, at all times with or without notice, the right to search Guest's cabin and baggage and/or personal effects for [hard liquor, drugs, weapons, and other dangerous items brought onto the vessel], at any location, to ensure compliance with these restrictions."). Given that Plaintiffs consented to the search of the cabin and their personal effects, Plaintiffs cannot meet the element of false imprisonment that requires restraint to be unlawful. Therefore, Court VI should be dismissed in its entirety. In the alternative, the claims for punitive damages should be dismissed for the same reasons as Count II: this claim sounds in vicarious liability for the actions of Carnival's security personnel, and there are no facts alleging that Carnival authorized or ratified an unlawful confinement of the Plaintiffs to their cabin.

## Conclusion

Punitive damages are available here only upon a showing of intentional misconduct by Carnival; however, Plaintiffs demand punitive damages for claims of garden variety negligence. Accordingly, the claims for punitive damages in the negligence counts should be dismissed. As to Counts IV and VI, Plaintiffs fail to allege facts sufficient to meet each element, and those claims

should be dismissed in their entirety. And as to Counts II, IV, and VI, Plaintiffs fail to allege facts that Carnival acted with intentional misconduct or ratified an intentional tort of a crewmember. Therefore, the punitive damages claims in Counts II, IV, and VI should be dismissed.

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:   /s/ *Garrett P. Keane*
        WILLIAM R. SEITZ
        Florida Bar No.: 73928
        wseitz@maselaw.com
        GARRETT P. KEANE
        Florida Bar No.: 1010256
        gkeane@maselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF electronic filing on February 3, 2020, on all counsel or parties of record on the Service List.

/s/ *Garrett P. Keane*
GARRETT P. KEANE

Scott-Wolf//TW165862

CASE NO.:  1:19-cv-24262-PCH

# SERVICE LIST
SABRINA SCOTT-WOLF, et al. v. CARNIVAL CORPORATION
1:19-CV-24262-HUCK/MCALILEY

Paul M. Hoffman, Esq.
Law Offices of Paul Hoffman, P.A.
2881 East Oakland Park Blvd.
Fort Lauderdale, FL 33306
Tel: (954) 707-5040
Fax: (954) 563-8171
Email: pmh@paulmhoffmanlaw.com
*Attorneys for Plaintiff*

Scott-Wolf//TW165862